UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>v.<br><br>Darren D. Tobey, et al.,<br><br>                    Defendants. | Court File No. 16-cv-4096 (JRT/LIB)<br><br>**REPORT AND RECOMMENDATION** |

This matter comes before the undersigned United States Magistrate Judge pursuant to an Order of Reference, [Docket No. 38], made in accordance with the provisions of 28 U.S.C. § 636, and upon Plaintiff's Motion for Default Judgments Against Defendants Darren D. Tobey, Dex Media, Inc., and SWS Credit Services, Inc. [Docket No. 30]. The Court held a hearing on the present motion on November 13, 2017, after which Plaintiff's Motion was taken under advisement. (Minute Entry [Docket No. 41]). Gregory Mokodean appeared at the November 13, 2017, motions hearing for and on behalf of the Plaintiff. (Id.). There were no appearances at the November 13, 2017, motions hearing on behalf of any Defendant.

For the reasons discussed herein, the Court recommends that Plaintiff's Motion for Default Judgment Against Defendants Darren D. Tobey, Dex Media, Inc., and SWS Credit Services, Inc., [Docket No. 30], be **GRANTED**.

**I.     PROCEDURAL HISTORY**

Plaintiff filed the present case on December 6, 2016. (Compl. [Docket No. 1]). On December 8, 2016, Plaintiff sent Defendants the Minnesota Department of Revenue ("MNDOR"); Dex Media, Inc. ("Dex Media"); and SWS Credit Service ("SWS Credit") each a waiver of service, and each waiver of service was respectively signed and returned. [Docket Nos.

4, 5, 6]. Accordingly, Defendants MNDOR's, Dex Media's, and SWS Credit's response to the present Complaint were due on or before February 6, 2017.

On January 6, 2017, Plaintiff sent Defendant Beltrami County a waiver of service, and the waiver of service was signed and returned. [Docket No. 7]. Accordingly, Defendant Beltrami County's response to the present Complaint was due on or before March 7, 2017.

On January 19, 2017, Plaintiff and Defendant Beltrami County filed a Stipulation, [Docket No. 8], which was approved by the Honorable John R. Tunheim on January 30, 2017. [Docket No. 11]. That Stipulation provided that Plaintiff and Defendant Beltrami County had resolved the priority of their respective liens against the real property at issue in the present case, and it excused Defendant Beltrami County from further participation in the present case. [Docket No. 11].

On February 1, 2017, Plaintiff filed a return of service indicating that Defendant Darren Tobey had been personally served on February 1, 2017. [Docket No. 12]. Accordingly, Defendant Tobey's response to the present Complaint was due February 22, 2017.

On March 16, 2017, after their respective times to respond had lapsed without any response or appearances on their behalves, Plaintiff filed Applications for Clerk's Entry of Default against Defendants Tobey, SWS Credit, and Dex Media, as well as, documents in support of those applications. [Docket Nos. 17–22]. On March 17, 2017, the Clerk of Court entered a Clerk's Entry of Default against Defendant SWS Credit and Defendant Dex Media. [Docket Nos. 24, 25]. On March 20, 2017, the Clerk of Court entered a Clerk's Entry of Default against Defendant Tobey. [Docket No. 26].

On July 11, 2017, Plaintiff and Defendant the MNDOR filed a Stipulation, [Docket No. 27], which was approved by Chief Judge Tunheim on July 13, 2017. [Docket No. 29]. That

Stipulation provided that Plaintiff and Defendant the MNDOR had resolved the priority of their respective liens against the real property at issue in the present case, and it excused Defendant the MNDOR from further participation in the present case. [Docket No. 29].

On August 14, 2017, Plaintiff filed the present Motion for Default Judgment Against Defendants Tobey, Dex Media, and SWS Credit, [Docket No. 30], along with various documents supporting that motion. [Docket No. 31–33]. No Defendant has responded to the present motion.

On September 19, 2017, Chief Judge Tunheim referred the present motion to the undersigned United States Magistrate Judge. (Order of Reference [Docket No. 38]).

## II. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENTS AGAINST DEFENDANTS DARREN D. TOBEY, DEX MEDIA, INC., AND SWS CREDIT SERVICES, INC. [DOCKET NO. 30].

The United States' present motion seeks an Order entering default judgements against Defendant Tobey, Defendant Dex Media, and Defendant SWS Credit. (Plf.'s Mot. [Docket No. 30]). "Specifically, the United States seeks judgment on Counts I–IV of the complaint against" Defendant "Tobey in the total amount of $201,924.28, plus interest and other statutory additions that have accrued since July 14, 2017," and judgement on Count V of the Complaint against Defendant Tobey declaring that the federal tax liens at issue are valid and subsisting liens which attach to all property of Defendant "Tobey, including the real property at issue in the present case, and which should be enforced against the real property. (Id.). The Motion further seeks a declaration that the real property at issue in the present case "may be sold free and clear of any lien, claim, or interest any party, including" Defendants Dex Media and SWS Credit and that the proceeds should be distributed according to the agreements between the United States and the Defendant which have appeared. (Id.).

3

Under Federal Rule of Civil Procedure 55, there is a two-step process for the entry of default judgment. Johnson v. Dayton Elec. Mfg. Co., 140 F.2d 781, 783 (8th Cir. 1988). First, the moving party must seek default from the Clerk of Court, and the Clerk must enter default based on proof that the opposing party has failed to plead or defend against the action. Fed. R. Civ. P. 55(a). Second, the moving party must seek entry of default judgment based on either Rule 55(b)(1) or Rule 55(b)(2). Entry of default must precede entry of default judgment. Johnson, 140 F.2d at 783.

In the present case and as explained above, Plaintiff seeks default judgment as to all Counts in its Complaint pursuant to Rule 55(b)(2). The Clerk of Court has entered default against Defendants Tobey, Dex Media, and SWS Credit. [Docket No. 24–26].

Plaintiff's Complaint through its five Counts "seeks to: reduce to judgment (a) federal income tax, interest, and penalty assessments made against" Defendant Tobey "for tax years 2004, 2005, 2006, 2007, and 2014, (b) federal employment tax, interest, and penalty assessments made against" Defendant Tobey "for tax periods from the second quarter of 2006 through the fourth quarter of 2008, (c) federal unemployment tax, interest, and penalty assessments made against" Defendant Tobey "for tax year 2007, and (d) civil penalty and related interest assessments for tax years 2005, 2006, and 2008." (Compl., [Docket No. 1], at ¶ 1). Plaintiff also seeks to "enforce the federal tax liens against real property located as 2500 Lake Avenue NE, Bemidji, Minnesota 56601 (the "Property");"[1] to "obtain an order directing the sale of the

---

[1] The Property in the present case has a history. Originally, in 1992, Defendant Tobey acquired the "Initial Property." In 2005, Defendant Tobey, by warranty deed, acquired the real property adjacent to the Initial Property—referred herein as the Additional Lot. Thereafter, Defendant Tobey submitted an Application for Lot Division requesting that the Additional Lot be subdivided into parcels described as Parcel A and Parcel B. After the Additional Lot was divided into Parcel A and Parcel B, Defendant Tobey, by warrant deed, conveyed to third parties the divided portion of the Additional Lot described as Parcel A. On April 3, 2007, Defendant Tobey submitted an Application for Lot Combination in which he requested that the Initial Property be combined with Parcel B. That lot combination was approved. This combined property is referred to herein as the Property. This final combined

4

Property; and to have the proceeds from the sale distributed" appropriately. (Id.). Plaintiff named Defendants Dex Media, MNDOR, SWS Credit, and Beltrami County as Defendant because each of those parties may claim an interest in the Property on which Plaintiff seeks to enforce its tax lien. (Id. at ¶¶ 7, 8, 9, 10).

The Court addresses each Count in turn.

### A. Count I: Reduce Income Tax Assessment to Judgment Against Defendant Tobey

As noted above, the United States filed the present action on December 6, 2016. (Compl. [Docket No. 1]). Count I of Plaintiff's Complaint seeks to reduce to judgment the federal income tax assessments assessed against Defendant Tobey. (Id. at ¶¶ 11–16). Defendant Tobey has failed to respond to the Complaint within the time required under the Federal Rules of Civil Procedure. See, Fed. R. Civ. P. 12. The time has long since expired for Defendant Tobey to file an answer or otherwise respond to the United States' claim. On March 16, 2017, the United States filed a Motion for Entry of Default, [Docket No. 17], which the Clerk of Court entered on March 20, 2017. [Docket No. 26]. By virtue of the default, Defendant Tobey is deemed to have admitted the truth of the well-pleaded allegation within the Complaint. Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010). After entry of that default, the United States moved for entry of default judgment to reduce Defendant Tobey's federal income tax liabilities to judgment. [Docket No. 30].

The now admitted facts of Plaintiff's Complaint established that after Defendant Tobey filed his 2004–2007 and 2014 federal income taxes reporting unpaid taxes due, a delegate of the Secretary of the Treasury made assessments against Defendant Tobey for income taxes, interest, and penalties which as of July 14, 2017, maintained an unpaid balance of $35,401.40. To support this asserted total Plaintiff submitted certified IRS Forms 4340, as well as, a complete

---

property is the Property at issue in the present case. By quit claim deed dated April 6, 2007, and recorded April 19, 2007, Defendant Tobey conveyed the new combined Property to himself.

assessment balance as of July 14, 2017, denoting all credits made to the accounts. (Exhibits 1–6 [Docket No. 33-1–33-6]).

"Tax assessments made by the IRS are presumed correct, and the taxpayer bears the burden of proving, by a preponderance of the evidence, that the assessment is erroneous." N.S. State Univ. v. United States, 255 F.3d 599, 603 (8th Cir. 2001). IRS Forms 4340, such as those submitted in the present case, are assessments that enjoy the presumption of correctness by the Courts. See, United States v. Stampe, No. 16-cv-3095 (MJD/LIB), 2017 WL 3641593, at *3 (D. Minn. Aug. 9, 2017) (citing United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993)); United States v. Church of NW Arkansas, No. 5:13-cv-5169, 2014 WL 5361979, at *2 (W.D. Ark. Oct. 21, 2014).

In the present case, Defendant Tobey has failed to answer or respond to the present suit in order to dispute the validity of the tax assessment against him for unpaid federal income tax for the 2004–2007 and 2014 federal income taxes years. Defendant Tobey has also not disputed the validity of any penalties resulting from his failure to pay the above mentioned tax liabilities.

Accordingly, the Court recommends **GRANTING** the United States' Motion for Default Judgment against Defendant Tobey as to Count I in the amount of $35,401.40, plus interest and other statutory additions accruing after July 14, 2017.

### B. Count II: Reduce Employment Tax Assessments to Judgment Against Defendant Tobey

Count II of Plaintiff's Complaint seeks to reduce to judgment the federal employment tax assessments assessed against Defendant Tobey. (Compl., [Docket No. 1], at ¶¶ 17–23). The time has long since expired for Defendant Tobey to file an answer or otherwise respond to the United States' claim. See, Fed. R. Civ. P. 12. As noted above, the Clerk of Court entered default on March 20, 2017. [Docket No. 26]. By virtue of the default, Defendant Tobey is deemed to have

admitted the truth of the well-pleaded allegation within the Complaint. Murray, 595 F.3d at 871. After entry of that default, the United States moved for entry of default judgment to reduce Defendant Tobey's employment tax liabilities to judgment. [Docket No. 30].

As admitted, Plaintiff's Complaint establishes that Defendant Tobey failed "to file Form 941 federal employment tax returns for the second quarter of 2006 through the third quarter of 2008, despite having paid sufficient wages to employees of his S Corporation, Spee Dee Auto Glass, requiring him to do so," and that while he "filed a Form 941 federal employment tax return for the fourth quarter of 2008 with full payment, he failed to make timely federal tax deposits during that period." (Compl., [Docket No. 1], at ¶¶ 18–19). The assessment against Defendant Tobey for employment taxes, interest, and penalties for the second quarter of 2006 through the fourth quarter of 2008 was $134,760.09, as of July 14, 2017. In support of this assessment, the United States submitted certified IRS Forms 4340 for each tax quarter at issue, as well as, a complete assessment balance as of July 14, 2017, denoting all credits made to the accounts. (Exhibits 7–18 [Docket No. 33-7–33-18]).

"Tax assessments made by the IRS are presumed correct, and the taxpayer bears the burden of proving, by a preponderance of the evidence, that the assessment if erroneous." N.S. State Univ., 255 F.3d at 603. This presumption of correctness includes IRS Forms 4340, such as those submitted in the present case. See, Stampe, 2017 WL 3641593, at *3; Church of NW Arkansas, 2014 WL 5361979, at *2.

In the present case, Defendant Tobey has failed to answer or respond to the present suit in order to dispute the validity of the tax assessment against him for unpaid federal employment tax for the second quarter of 2006 through the fourth quarter of 2008. Likewise, Defendant Tobey

has not disputed the validity of any penalties resulting from his failure to pay the above mentioned tax liabilities.

Accordingly, the Court recommends **GRANTING** the United States' Motion for Default Judgment against Defendant Tobey as to Count II in the amount of $134,760.09, plus interest and other statutory additions accruing after July 14, 2017.

### C. Count III: Reduce Unemployment Tax Assessment to Judgment Against Defendant Tobey

Count III of Plaintiff's Complaint seeks to reduce to judgment the federal unemployment tax assessments assessed against Defendant Tobey. (Compl., [Docket No. 1], at ¶¶ 24–29). The time has long since expired for Defendant Tobey to file an answer or otherwise respond to the United States' claim. See, Fed. R. Civ. P. 12. As noted above, the Clerk of Court entered default against Defendant Tobey on March 20, 2017. [Docket No. 26]. By virtue of the default, Defendant Tobey is deemed to have admitted the truth of the well-pleaded allegation within the Complaint, including the allegations contained in Count III of Plaintiff's Complaint. See, Murray, 595 F.3d at 871. After entry of that default, the United States moved for entry of default judgment to reduce Defendant Tobey's employment tax liabilities to judgment. [Docket No. 30].

As admitted, Plaintiff's Complaint establishes that Defendant Tobey "failed to file a 2007 Form 940 federal unemployment tax return, despite having paid sufficient wages to the employees of his S corporation, Spee Dee Auto Glass, requiring him to do so." (Compl., [Docket No. 1], at ¶¶ 25–26). As of July 14, 2017, the assessment against Defendant Tobey for unemployment taxes, interest, and penalties for the 2007 tax year was $7,137.60. In support of this assessment, the United States submitted certified IRS Forms 4340 regarding Defendant Tobey's 2007 federal unemployment tax return, as well as, a complete assessment balance as of

July 14, 2017, denoting the transactional history of Defendant Tobey's 2007 federal unemployment tax return account. (Exhibits 19–20 [Docket No. 33-19–33-20]).

For the same reasons as noted above, this IRS Forms 4340 enjoys a presumption of correctness. <u>Stampe</u>, 2017 WL 3641593, at *3; <u>N.S. State Univ.</u>, 255 F.3d at 603; <u>see</u>, <u>Church of NW Arkansas</u>, 2014 WL 5361979, at *2. As also noted above, Defendant Tobey has failed to answer or respond to the present suit in order to dispute the validity of the tax assessment against him for unpaid federal unemployment tax for the 2007 tax year or the validity of any penalties resulting from his failure to pay the above mentioned tax liabilities.

Accordingly, the Court recommends **GRANTING** the United States' Motion for Default Judgment against Defendant Tobey as to Count III in the amount of $7,137.60, plus interest and other statutory additions accruing after July 14, 2017.

### D. Count IV: Reduce Civil Penalty Assessments to Judgment Against Defendant Tobey

Count IV of Plaintiff's Complaint seeks to reduce to judgment civil penalties assessed against Defendant Tobey. (Compl., [Docket No. 1], at ¶¶ 31–36). As previously noted, the time for Defendant Tobey to file an answer or otherwise respond to the United States' claim has long since expired. <u>See</u>, Fed. R. Civ. P. 12. As also noted above, the Clerk of Court entered default against Defendant Tobey on March 20, 2017, [Docket No. 26], and by virtue of that default, Defendant Tobey is deemed to have admitted the truth of the well-pleaded allegation within the Complaint, including the allegations contained in Count IV of Plaintiff's Complaint. <u>See</u>, <u>Murray</u>, 595 F.3d at 871. After entry of that default, the United States moved for entry of default judgments to reduce Defendant Tobey's employment tax liabilities to judgment. [Docket No. 30].

9

As admitted, Plaintiff's Complaint establishes that Defendant Tobey "failed to file Forms W-2 for the employees of his S corporation, Spee Dee Auto Glass" for the tax years 2005, 2006, and 2008, and as a result of that failure "a delegate of the Secretary of the Treasury made assessments against" Defendant Tobey for civil penalties. (Compl., [Docket No. 1], at ¶¶ 31–33). As of July 14, 2017, the penalty assessment against Defendant Tobey for failing to file Forms W-2 for the tax years 2005, 2006, and 2008, was $24,625.19. In support of this assessment, the United States submitted certified IRS Forms 4340 regarding Defendant Tobey's civil penalty assessments for the 2005, 2006, and 2008, tax years, as well as, a complete penalty assessment balance as of July 14, 2017, denoting the transactional history of Defendant Tobey's civil penalty accounts. (Exhibits 21–24 [Docket No. 33-21–33-24]).

For the same reasons as noted above, this IRS Forms 4340 enjoys a presumption of correctness. Stampe, 2017 WL 3641593, at *3; N.S. State Univ., 255 F.3d at 603; see, Church of NW Arkansas, 2014 WL 5361979, at *2. Defendant Tobey has failed to answer or respond to the present suit in order to dispute the validity of the tax assessment against him for unpaid federal unemployment tax for the 2007 tax year or the validity of any penalties resulting from his failure to pay the above mentioned tax liabilities. Further, Courts have entered default judgments that include civil penalties. See, Church of NW Arkansas, 2014 WL 5361979, at *2.

Accordingly, the Court recommends **GRANTING** the United States' Motion for Default Judgment against Defendant Tobey as to Count IV in the amount of $24,625.19, plus interest and other statutory additions accruing after July 14, 2017.

### E. Count V: Lien Enforcement on the Property

Count V of Plaintiff's Complaint seeks "a declaratory judgement that the federal tax liens described above are valid and subsisting liens and attached to all property and right to property"

of Defendant Tobey; a Court Order that the federal tax lines in the present case be enforced against the said property and rights to property; a Court Order that the Property be sold; and a Court order requiring any Defendant claiming an interest in the Property affirmatively demonstrate that interest. (Compl., [Docket No. 1], at ¶¶ 37–50).

As noted above, Defendant Tobey has failed to respond to the present law suit, and his time for doing so has long since passed. As he has not responded, Defendant Tobey has not disputed that his ownership of the Property[2] located at 2500 Lake Avenue NE, Bemidji, Minnesota 56601; that federal liens attached to the subject property; or that the liens should be enforced and the Property sold to satisfy his tax liabilities. See, Pagonis v. United States, 575 F.3d 809, 812 (8th Cir. 2009) ("If the tax payer does not pay the amount assessed, then the

---

[2] The Property at issue in the present case is legally described as follows:
PARCEL B:
That part of Government Lot 8, Section 2, Township 146 North, Range 33 West, Beltrami County, Minnesota, described as follows:
Beginning at the intersection of the east line of said Government Lot 8 and a line being 910.00 feet north of and parallel with the south line of said Government Lot 8; thence North 88 degrees 45 minutes 42 seconds West, along said parallel line, a distance of 549.65 feet; thence South 75 degrees 29 minutes 11 seconds East a distance of 140.58 feet; thence South 88 degrees 47 minutes 49 seconds East a distance of 145.14 feet; thence South 01 degrees 18 minutes 34 seconds West a distances of 112.81 feet to the intersection with a line being 765.00 feet north of and parallel with the south line of said Government Lot 8; thence South 88 degrees 45 minutes 42 seconds East, along said parallel line, a distance of 269.58 feet to the intersection with the east line of said Government Lot 8; thence North 00 degrees 32 minutes 43 seconds East, along the east line of said Government Lot 8, a distance of 145.01 feet to the point of beginning.

and

That part of Government Lot Eight (8), Section Two (2), Township One Hundred Forty-six (146), Range Thirty-three (33), described as follows:
Beginning at the intersection of East Line of said Government Lot Eight (8) and a line being 910 feet North of and parallel with the South line of said Government Lot Eight (8); thence North 88°45'42" West, along said parallel line, a distance of 549.65 feet; thence North 69°18'26" West a distance of 43.04 feet to the intersection of the Easterly right of way of County State Aid Highway No. 19; thence North 18°21'26" East, along said Easterly right of way, a distance of 153.24 feet, to the intersection of a line being 250 feet South of and parallel with the North line of said Government Lot Eight (8); thence South 88°46'49" East, along said parallel line, a distance of 542.94 feet to the intersection of the East line of said Government Lot Eight (8); thence South 00°20'42" West, along said east line, a distance of 160.93 feet to the point of beginning and there terminating.

(Exhibit D [Docket No. 32-4]; Compl. [Docket No. 1], at ¶ 47).

amount automatically becomes a tax lien on all property belonging to the taxpayer . . . ."); In re Nerland Oil, 303 F.3d 911, 916 (8th Cir. 2002) (providing that federal tax liens attach to all of a taxpayer's property and rights to property as of the date of assessment, if the taxpayer refuses or neglects to pay the tax after notice and demand); United States v. Bierbrauer, 936 F.2d 373, 374 (8th Cir. 1991) (explaining that 26 U.S.C. § 7403 authorizes a federal court to order the sale of property owned by delinquent taxpayer to satisfy his tax liability).

In support of its claims, the United States submitted a series of deeds from July 31, 1992, to April 6, 2007, demonstrating that Defendant Tobey owns the Property at issue in the present case, and the United States provided the assessments discussed above demonstrating that Defendant Tobey has not satisfied his tax liabilities. (Exhibit A–D [Docket No. 32-1–32-4]; Exhibits 1–28 [Docket No. 33-1–33-28]). Accordingly, Plaintiff has shown it is entitled to default judgment finding that Defendant Tobey owns the Property located at 2500 Lake Avenue NE, Bemidji, Minnesota 56601; that the federal liens attached to the Property upon the date of each assessment; that the liens should be enforced; and that the Property should be sold to satisfy Defendant Tobey's tax liabilities.

Under 26 U.S.C. § 7403(b), the United States is required to name "[a]ll persons having liens upon or claiming any interest" in the subject property in a tax lien enforcement suit. Because it was possible that third parties may have a claim or interest in the Property at issue in the present case, the United States named Dex Media, Inc.; SWS Credits Services, Inc.; the Minnesota Department of Revenue; and the County of Beltrami. (See, Compl., [Docket No. 1], at ¶¶ 7–10).[3] Although Defendant Dex Media and Defendant SWS Credit were both properly

---

[3] Defendant the Minnesota Department of Revenue and Beltrami County have both entered into Stipulations with Plaintiff in which the parties agreed to the order of their respective liens. Therefore, any Order of Sale will direct that the funds from that sale are dispersed in accordance with those Stipulations, [Docket Nos. 11, 27], as approved by the Court.

12

served in the present case when they each waived service in the present case, neither Defendant Dex Media nor Defendant SWS Credit have responded to the present Complaint or asserted, in any way, an interest as to the Property presently at issue. (See, Waivers of Service [Docket Nos. 5, 6]). The time has long since expired for Defendant Dex Media or Defendant SWS Credit to file an answer or otherwise respond to the United States' claim. Accordingly, Plaintiff is entitled to default judgment against Defendant Dex Media and Defendant SWS Credit. See, United States v. Norlem, No. 7-cv-4799 (JRT/FLN), 2009 WL 2998528, at *1 (D. Minn. Aug. 25, 2009) (entering default judgment against a third-party who was named as a defendant in a tax lien suit due to the possibility that she may have had interest in the real property there at issue after the third-party failed to respond to the claims in any way), report and recommendation adopted, 2009 WL 5943237 (D. Minn. Sept. 15, 2009).

### III. CONCLUSION

The Court finds that the United States has shown that it is entitled to default judgment against Defendant Tobey on Counts I–IV of the Complaint in the amount of $201,924.28, plus interest and other statutory additions accruing after July 14, 2017. The Court also finds that the United States has shown it is entitled to default judgment as to Count V against Defendant Tobey, Defendant Dex Media, and Defendant SWS Credit, and accordingly, Defendant Dex Media and Defendant SWS Credit are found to have no interest, lien, or claim against the Property superior to the federal tax liens attributable to Defendant Tobey's federal income tax liabilities as discussed above. Due to the default by these parties, the federal tax liens attributable to the assessments in the present case should be enforced, the Property be sold subject to further order of this Court, and the proceeds paid in accordance with the Stipulations in the present case

and to the United States toward the satisfaction of Defendant Tobey's outstanding federal tax liabilities.

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's Motion for Default Judgments Against Defendants Darren D. Tobey, Dex Media, Inc., and SWS Credit Services, Inc., [Docket No. 30], be **GRANTED**;

2. The federal tax liens attributable to the assessments in the present case be enforced;

3. The Property be sold subject to further Order of this Court; and

4. The proceeds of said sale paid in accordance with the Stipulations in the present case and to the United States toward the satisfaction of Defendant Tobey's outstanding federal tax liabilities.

Dated: December 19, 2017	s/Leo I. Brisbois
	Leo I. Brisbois
	United States Magistrate Judge


**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within

14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).